IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01261-PAB

WILLIAM D. QUINTANA,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on plaintiff William D. Quintana's complaint [Docket No. 1], filed on May 12, 2011. Plaintiff seeks review of the final decision of defendant Carolyn W. Colvin (the "Commissioner") denying plaintiff's claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33 and 1381-83c.[1] The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

**I. BACKGROUND**

On December 13, 2007, plaintiff filed for disability benefits under Title II and Title XVI. R. at 9. Plaintiff alleged that he had been disabled since April 30, 2005. *Id.* After an initial administrative denial of his claim, plaintiff received a hearing before an Administrative Law Judge ("ALJ") on April 6, 2010. *Id.* On May 26, 2010, the ALJ

---

[1] The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

issued a decision denying plaintiff's claim. *Id.* at 16.

The ALJ found that plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine and arthritis." R. at 12. The ALJ found that these impairments, alone or in combination, did not meet one of the regulations' listed impairments, *id.* at 12, and ruled that plaintiff had the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) with the following limitations: claimant could lift or carry ten pounds frequently and 20 pounds occasionally; could stand and/or walk, with normal breaks, for a total of four hours in an eight hour workday; could sit, with normal breaks, for a total of four hours in an eight hour workday; could perform activities requiring bilateral manual dexterity for gross and find manipulation with handling and reaching but should avoid overhead reaching bilaterally; should avoid unprotected heights and moving machinery and could perform the postural activities of climbing, balancing, stooping, crouching, kneeling and crawling occasionally.

R. at 12. Based upon this RFC and in reliance on the testimony of the vocational expert ("VE"), the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." R. at 15.

The Appeals Council denied plaintiff's request for a review of this denial. R. at 1. Consequently, the ALJ's decision is the final decision of the commissioner.

## II. ANALYSIS

### A.  Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse

an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B. The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy

exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006).  The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled.  20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)).  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability.  However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience."  *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987).  While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### C. Plaintiff's Objections to the ALJ's Decision

In his appeal, plaintiff presents three objections to the ALJ's decision: (1) the ALJ did not have valid reasons for rejecting the opinion of the consultative examining physician; (2) the ALJ's RFC determination was not supported by substantial evidence; and (3) the ALJ misconstrued the treating physician's opinion.

#### *1. Dr. Grace's Opinion*

Plaintiff argues that the ALJ rejected, without a valid reason, the opinion of consultative examiner Shauna Grace, M.D. concerning plaintiff's RFC.  Docket No. 13 at 23.  Defendant responds that the ALJ adopted Dr. Grace's opinion to a significant extent and gave valid reasons for not adopting Dr. Grace's opinion in its entirety. Docket No. 14 at 11.

In assessing a medical opinion, an ALJ must consider the supportability of that opinion, i.e., the extent to which the medical source provides relevant evidence to support her opinion, 20 C.F.R. § 404.1527(c)(3), as well as the extent to which a medical opinion is consistent with the record as a whole.  20 C.F.R. § 404.1527(c)(4). An ALJ may not, however, "substitut[e] his own medical judgment for that of . . . health professionals."  *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996); *see also Pietrunti v. Director, Office of Workers' Compensation Programs*, 119 F.3d 1035, 1042 (2d Cir. 1997) ("an ALJ cannot arbitrarily substitute his own judgment for competent medical evidence"); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("Common sense can mislead; lay intuitions about medical phenomena are often wrong."); *Proctor v. Astrue*, 665 F. Supp. 2d 1243, 1255 (D. Colo. 2009).

Plaintiff is correct that even a non-treating physician's opinions must be considered. *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003). However, [t]he opinion of an examining physician is generally entitled to less weight than that of a treating physician." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). Furthermore, "the opinions of physicians or psychologists who do not have a treatment relationship with the individual are weighed by stricter standards, based to a greater degree on medical evidence, qualifications, and explanations for the opinions, than are required of treating sources." SSR 96-6P, 1996 WL 374180, at *2 (July 2, 1996). Accordingly, the opinion of an examining but non-treating physician may be discounted when that opinion is "based . . . on a single, subjective report" of the claimant and is "not supported by the evidence of record." *Flaherty*, 515 F.3d at 1070. "Absent an indication that an examining physician presented the *only* medical evidence submitted pertaining to the relevant time period, the opinion of an examining physician who only saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion." *Doyal*, 331 F.3d at 763.

On August 22, 2009, Dr. Grace examined plaintiff and concluded that his medical conditions imposed certain limitations. R. at 262, 266. Dr. Grace's opinions were the only medical evidence addressing or discussing plaintiff's functional limitations. The ALJ found that Dr. Grace's opinion suggested "extreme limitations unsupported by the medical evidence as a whole and claimant's own testimony and lifestyle." R. at 14. However, the ALJ implicitly adopted, or at least agreed with, a majority of Dr. Grace's opinions. Dr. Grace and the ALJ reached the same conclusion with respect to the following limitations: Lifting or carrying 20 pounds occasionally and

10 pounds frequently.  R. at 12, 268.  Stand, sit, and/or walk for a total of four hours in an eight hour workday.  R. at 12, 269.  Climb stairs, ladders, and balance occasionally.  R. at 12, 271.  Avoid unprotected heights.  R. at 12, 272.  Avoid heavy machinery.  R. at 12, 267.  Occasionally climb and balance.  R. 12, 271.  The ALJ found that plaintiff should avoid overhead reaching, whereas Dr. Grace determined plaintiff could occasionally reach overhead.  R. at 12, 270.  The ALJ found that plaintiff was less limited than Dr. Grace recommended in the following instances: The ALJ did not make a finding that plaintiff was limited with regard to continuous walking, standing, and sitting.  R. at 12.  Dr. Grace found that plaintiff was limited to 30 minutes of continuous sitting, and one hour of continuous standing and walking.  R. at 269.[2]  The ALJ found that plaintiff could perform activities requiring bilateral manual dexterity for gross and fine manipulation with handling and reaching without restriction.  R. at 12.  Dr. Grace recommended that plaintiff only occasionally engage in gross and fine manipulation.  R. at 270.  The ALJ found that plaintiff could occasionally crouch, kneel, stoop, or crawl.  R. at 12.  Dr. Grace recommended that plaintiff never crouch, kneel, stoop, or crawl.  R. at 271.  Thus, the ALJ's findings and Dr. Grace's opinions diverge in only four instances.

The ALJ fails to explain why she implicitly agreed with a majority of Dr. Grace's opinions and implicitly rejected others.  Dr. Hrabel's and Dr. Kelly's notes do not offer

---

[2]Dr. Grace placed a "1" in the "minutes" column of the Medical Source Statement rather than circling a "1" to indicate hours.  R. at 269.  However, there is nothing in Dr. Grace's report that would indicate she intended that plaintiff could only stand or walk for one minute, and defendant interprets Dr. Grace's notation to mean 1 hour of continuous standing, rather than one minute.  Docket No. 14 at 13.  Plaintiff does not challenge defendant's interpretation.  Docket No. 15 at 4-7.

an analysis of plaintiff's limitations, and the record contains no other reports from medical experts. Since the ALJ did not credit all of Dr. Grace's limitations in formulating plaintiff's RFC and did not explain why the limitations she did not credit were unsupported by medical evidence or plaintiff's testimony or lifestyle, the Court is not able to assess whether the ALJ applied the correct legal standard or whether the ALJ's RFC findings were impermissibly based upon her own interpretations of medical data. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). The Court will not attempt to provide a post-hoc rationale for the ALJ's implicit rejection of certain of Dr. Grace's limitations. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005); *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008) ("the ALJ did not reject Dr. Reddy's report because it was a checklist or because Dr. Owoso's opinion outweighed it – he simply did not discuss all of Dr. Reddy's diagnoses or explain how he reached his conclusions"); *Richardson v. Astrue*, 858 F. Supp. 2d 1162, 1180 (D. Colo. 2012) ("The ALJ did not address these findings of Dr. Crockett or give specific reasons for rejecting them. This is [an] error that also requires remand."). Thus, the case must be remanded in order for the ALJ to explain why she agreed with portions of Dr. Grace's opinion and rejected others.

Plaintiff argues that the ALJ's RFC finding was not supported by substantial evidence. Docket No. 13 at 28. Plaintiff appears to challenge only those RFC findings that diverge from Dr. Grace's opinion, namely, that plaintiff can sit continuously with normal breaks; that plaintiff can perform activities requiring bilateral manual dexterity for gross and fine manipulation with handling and reaching; and that plaintiff can occasionally crouch, kneel, stoop, or crawl. *Id.* at 29. A court reviews the

administrative record "to ascertain whether there is evidence to support the ALJ's decision, regardless of whether [the court] would have reached a different result based on the record." *Ellison*, 929 F.2d at 536.  The Tenth Circuit has held that an "ALJ's errors do not require reversal [when] other reasoning already contained explicitly or implicitly in his decision supplied sufficient grounds for affirmance notwithstanding the error." *Groberg v. Astrue*, 505 F. App'x 763, 766 n.1 (10th Cir. 2012); *see also Lax v. Astrue*, 489 F.3d 1080, 1089 (10th Cir. 2007) ("Despite this error, there is substantial evidence in the record as a whole to support the ALJ's determination that Lax did not provide a *valid* IQ score below 59 as required by severity prong (B) of the listing. . . . As long as substantial evidence supports the ALJ's determination, the [Commissioner's] decision stands.") (internal citation omitted).  This is not a case where the ALJ's decision contains sufficient explicit or implicit grounds for affirmance.  Because the ALJ does not sufficiently explain the weight she assigned to Dr. Grace's opinion, the Court cannot sufficiently review the ALJ's RFC findings.  Thus, the Court cannot resolve plaintiff's remaining arguments concerning whether the ALJ's RFC findings were supported by substantial evidence.

Defendant argues that it is plaintiff's burden to show disability and, as such, that plaintiff failed to produce any evidence supporting his allegations of total disability. Docket No. 14 at 15.  Plaintiff responds that Dr. Grace's examination, even though ordered by the Commissioner, provides evidence of plaintiff's medical restrictions. Docket No. 15 at 9.  The ALJ was not under an obligation to agree with or adopt Dr. Grace's opinions, but, where they are the only medical evidence in the record addressing or defining plaintiff's limitations, the ALJ was required to explain why she

rejected some opinions and adopted others or to obtain other medical evidence with which to formulate plaintiff's RFC.  *See Adkins*, 80 F. App'x at 48.

### 2. Dr. Kelly's Opinion

Plaintiff argues that the ALJ misconstrued the treating physician's opinion as supporting a finding that plaintiff was not disabled.  Docket No. 13 at 21.  Plaintiff claims that the ALJ should have re-contacted Dr. Kelly to clarify why she did not advise disability.  *Id.* at 22.   Defendant admits that Dr. Kelly did not define what she meant by "disability," but argues that the ALJ did not base her conclusion exclusively on Dr. Kelly's statement and "did not interpret Dr. Kelly's opinion statement as establishing specific functional limitations or an absence of functional limitations."  Docket No. 14 at 10-11.  Rather, defendant argues that the ALJ proceeded to determine Plaintiff's specific functional limitations in light of the entire record, including Dr. Kelly's opinion. *Id.*  Plaintiff appears to accept defendant's explanation.  Docket No. 15 at 3-4.  However, given the Court's finding that the ALJ erred in rejecting Dr. Grace's opinion and in assessing plaintiff's RFC, it need not resolve this additional argument.

## III. CONCLUSION

The Court must remand this case so that the ALJ can explain to what extent she agreed and disagreed with Dr. Grace's opinions regarding plaintiff's limitations and to what extent her RFC findings were based upon medical opinions concerning plaintiff's functional limitations.  It is

**ORDERED** that the decision of the Commissioner that plaintiff was not disabled is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED March 31, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge